Slip Op. 23-112

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **WHEATLAND TUBE,** | |
| Plaintiff, | |
| v. | |
| **UNITED STATES,** | **Before: Timothy M. Reif, Judge** |
| Defendant, | **Court No. 22-00160** |
| and | |
| **HYUNDAI STEEL COMPANY; HUSTEEL CO., LTD.; SEAH STEEL CORPORATION; NEXTEEL CO., LTD.,** | |
| Defendant-Intervenors. | |

## ORDER

Before the court are the final results of the 2019-2020 administrative review by the U.S. Department of Commerce ("Commerce") of the antidumping duty ("AD") order on circular welded non-alloy steel pipe from the Republic of Korea. *Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: Final Results of Antidumping Duty Administrative Review and Final Determination of no Shipments; 2019-2020* ("*Final Results*"), 87 Fed. Reg. 26,343 (Dep't of Commerce May 4, 2022) and accompanying Issues and Decision Memorandum ("IDM") (Dep't of Commerce Apr. 26, 2022). Wheatland Tube ("plaintiff") moves for judgment on the agency record pursuant to Rule 56.2 of the U.S. Court of International Trade (the "Court") and challenges Commerce's decision in the Final Results to grant a constructed export price ("CEP") offset to

Hyundai Steel Company ("Hyundai Steel") and Husteel Co., Ltd. ("Husteel") (collectively, the "mandatory respondents") in calculating their respective AD margins. Pl. Wheatland Tube's Mot. for J. on the Agency R. Pursuant to Rule 56.2, ECF No. 38. The United States ("defendant") as well as Hyundai Steel, Husteel, NEXTEEL Co., Ltd. and SeAH Steel Corporation oppose plaintiff's motion. Def.'s Resp. to Pl.'s Rule 56.2 Mot. for J. on the Agency R., ECF No. 39; Resp. Br. of Def.-Intervenor Husteel Co., Ltd. in Opp'n to Pl. Wheatland Tube Co.'s Mot. for J. upon the Agency R., ECF No. 40; Resp. of Def.-Intervenor, Hyundai Steel Co., in Opp'n to Pl.'s Rule 56.2 Mot. for J. on the Agency R., ECF No. 41; Def. Intervenor NEXTEEL Co., Ltd.'s Resp. to Pl.'s Rule 56.2 Mot. for J. on the Agency R., ECF No. 42; Br. of SeAH Steel Corp. in Resp. to Pl.'s Rule 56.2 Mot. for J. on the Agency R., ECF No. 43.

For the following reasons, the court remands Commerce's decision in the Final Results to grant a CEP offset to the mandatory respondents.

## BACKGROUND

On May 4, 2022, Commerce published the Final Results, in which Commerce decided to grant a CEP offset to the mandatory respondents. *Final Results*, 87 Fed. Reg. 26,343; IDM at 13-14. Commerce reached this decision notwithstanding Commerce's finding that neither mandatory respondent had provided "an adequate quantitative analysis" in response to Commerce's request for information. IDM at 13. Specifically, Commerce stated that neither mandatory respondent had "provided an adequate quantitative analysis of the differences in levels of intensity" with respect to "the selling activities reported in [each mandatory respondent's] selling functions chart." *Id.* Commerce stated also that neither mandatory respondent had "provided an analysis

showing how expenses assigned to sales at different claimed [levels of trade] impacted price comparability."  *Id.*

Notwithstanding the foregoing inadequacies that Commerce identified with respect to the "quantitative analyses" of the mandatory respondents, Commerce decided to grant the requested CEP offsets on the basis that Commerce had failed to "inform" the mandatory respondents that Commerce "required more information" in their respective submissions.  *Id.* at 13-14.  Commerce explained specifically that it had not provided the mandatory respondents with an "opportunity, pursuant to [19 U.S.C. § 1677m(d)], to remedy any deficiency in their quantitative analyses by providing additional information in a supplemental questionnaire response."  *Id.* at 14; section 782(d) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677m(d) (2018).[1] Commerce stated that "[f]or this reason" — i.e., Commerce's failure to comply with its obligations set forth in 19 U.S.C. § 1677m(d) — Commerce would "accept[] both [mandatory] respondents' information as sufficient" and "grant[] a CEP offset to both [mandatory] respondents . . . ."  IDM at 14.

On May 27, 2022, plaintiff commenced the instant case, in which the court held oral argument on June 8, 2023.  Oral Arg., ECF No. 51.  On June 9, 2023, the court ordered the parties to "show cause, if there be any, that the court not remand Commerce's decision in the instant case in view of Commerce's statutory obligations set forth in 19 U.S.C. § 1677m(d) . . . ."  Order to Show Cause, ECF No. 52.  Thereafter, plaintiff, defendant and Hyundai Steel each responded to the court's order.  Pl.

---

[1] References to the U.S. Code are to the 2018 edition.  Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code.

Wheatland Tube's Resp. to the Ct.'s Order to Show Cause ("Pl. Resp."), ECF No. 56;

Def.'s Resp. to Order to Show Cause ("Def. Resp."), ECF No. 55; Resp. of Def.-

Intervenor, Hyundai Steel Co., to the Ct.'s Order to Show Cause ("Hyundai Steel

Resp."), ECF No. 57. Plaintiff stated in its response that it "does not in principle

disagree with the Court remanding" Commerce's decision in the Final Results to grant a

CEP offset to the mandatory respondents, but requested that "the Court explain the

particular features of this case that support [such an] action." Pl. Resp. at 1. Defendant

stated in its response:

> Notwithstanding counsel's argument (during the oral argument conducted by the Court on June 8, 2023) that the Court should sustain [Commerce's] final results, *the United States does not oppose the Court's proposed remand of this action* to Commerce for the purpose of the agency's reconsideration of its determination to grant a [CEP] offset to the mandatory respondents . . . .

Def. Resp. at 1 (emphasis supplied). Defendant stated further that it would not oppose

such a remand "for Commerce to . . . fulfill its obligations under 19 U.S.C. § 1677m(d)."

*Id.* at 2. Hyundai Steel maintained that the court should sustain Commerce's decision,

restating the arguments that Hyundai Steel previously had advanced in opposition to

plaintiff's motion for judgment on the agency record. *See* Hyundai Steel Resp. at 5.

## JURISDICTION AND STANDARD OF REVIEW

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1581(c).

The court will sustain a determination by Commerce unless the determination is

"unsupported by substantial evidence on the record, or otherwise not in accordance with

law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## LEGAL FRAMEWORK

19 U.S.C. § 1677m(d) "provides the procedures Commerce must follow when a party files a deficient submission." *Haixing Jingmei Chem. Prod. Sales Co. v. United States*, 42 CIT __, __ n.9, 308 F. Supp. 3d 1366, 1372 n.9 (2018). In particular, the statute provides:

> (d) DEFICIENT SUBMISSIONS. If [Commerce] determines that a response to a request for information under this subtitle does not comply with the request, [Commerce] shall promptly inform the person submitting the response of the nature of the deficiency and shall, to the extent practicable, provide that person with an opportunity to remedy or explain the deficiency in light of the time limits established for the completion of investigations or reviews under this subtitle. If that person submits further information in response to such deficiency and either —
>
> > (1) [Commerce] finds that such response is not satisfactory, or
> >
> > (2) such response is not submitted within the applicable time limits,
>
> then [Commerce] may . . . disregard all or part of the original and subsequent responses.

19 U.S.C. § 1677m(d). Further, Commerce has determined that a submission in response to a request for information is "deficient" if that submission is nonresponsive or "unusable" as to Commerce's request. *See, e.g., Certain Corrosion-Resistant Steel Products from the Republic of Korea: Final Determination of Sales at Less than Fair Value and Final Affirmative Determination of Critical Circumstances*, 81 Fed. Reg. 35,303 (Dep't of Commerce June 2, 2016) and accompanying IDM (Dep't of Commerce May 24, 2016) at sec. VII.A.

Commerce is required to comply with its statutory obligations set forth in 19 U.S.C. § 1677m(d). *Saha Thai Steel Pipe Pub. Co. v. United States*, 46 CIT __, __, 605 F. Supp. 3d 1348, 1361, 1365-66 (2022) ("Having identified . . . deficiencies, Commerce

was immediately confronted with its statutory obligation under 19 U.S.C. § 1677m(d) to provide [the respondent] notice and an opportunity to cure."); *Hitachi Energy USA Inc. v. United States*, 34 F.4th 1375, 1378 (Fed. Cir. 2022), *opinion modified on denial of reh'g*, No. 2020-2114, 2022 WL 17175134 (Fed. Cir. Nov. 23, 2022).  Moreover, in circumstances in which Commerce has failed to comply with its obligations set forth in 19 U.S.C. § 1677m(d), the Court has remanded the applicable decision so that Commerce "can comply with the requirements" of the statute.  *BlueScope Steel Ltd. v. United States*, 45 CIT __, __, 548 F. Supp. 3d 1351, 1363 (2021).

## DISCUSSION

The court remands Commerce's decision in the Final Results to grant a CEP offset to the mandatory respondents in view of Commerce's failure to comply with its obligations set forth in 19 U.S.C. § 1677m(d).  *Final Results*, 87 Fed. Reg. 26,343.  As discussed *supra* Background, Commerce concluded that the submissions of the mandatory respondents — in particular, the "quantitative analyses" contained therein — were not responsive to Commerce's request for information and, consequently, were "deficient" within the meaning of 19 U.S.C. § 1677m(d).  IDM at 13-14; 19 U.S.C. § 1677m(d).  Notwithstanding this conclusion, Commerce conceded that it had failed to comply with its obligations set forth in 19 U.S.C. § 1677m(d) — a point that Commerce recognized in the IDM and that defendant concedes.  *See* IDM at 13-14; Def. Resp. at 2.  Specifically, Commerce stated that it had failed to "inform the [mandatory] respondents that [Commerce] required more information" in their respective submissions, which resulted in neither mandatory respondent "ha[ving] an opportunity, pursuant to [19 U.S.C. § 1677m(d)], to remedy any deficiency in their quantitative

analyses by providing additional information in a supplemental questionnaire response." IDM at 13-14.

Consequently, in view of Commerce's failure in the instant case to comply with its obligations set forth in 19 U.S.C. § 1677m(d), *see id.*, the court remands Commerce's decision in the Final Results to grant a CEP offset to the mandatory respondents.  *See BlueScope Steel*, 45 CIT at __, 548 F. Supp. 3d at 1362-63; *Saha Thai*, 46 CIT at __, 605 F. Supp. 3d at 1371.

* * *

For the reasons discussed, the court remands Commerce's decision in the Final Results to grant a CEP offset to the mandatory respondents.

Accordingly, it is hereby

**ORDERED** that Commerce's decision in the Final Results to grant a CEP offset to the mandatory respondents is remanded for reconsideration, consistent with this Order; it is further

**ORDERED** that, on remand, Commerce shall comply with its obligations set forth in 19 U.S.C. § 1677m(d) — namely, to provide the mandatory respondents with: (1) notice of the "nature" of any deficiencies that Commerce identified in their respective submissions; and (2) "to the extent practicable . . . an opportunity to remedy or explain the deficienc[ies]," 19 U.S.C. § 1677m(d); it is further

**ORDERED** that Commerce shall file its remand results within 90 days following the date of this Order; it is further

**ORDERED** that within 14 days of the date of filing of Commerce's remand results, Commerce shall file an index and copies of any new administrative record documents; and it is further

**ORDERED** that, if applicable, the parties shall file a proposed scheduling order with page limits for comments on the remand results no later than seven days after Commerce files its remand results with the court.

**SO ORDERED**.

/s/      Timothy M. Reif
Judge

Dated:   August 3, 2023
              New York, New York